# BALTIMORE CITY COURT.

Filed November 12, 1925.

RED STAR LINE, INC.,

VS.

E. AUSTIN BAUGHMAN, COMMISSIONER OF MOTOR VEHICLES.

*Wm. Lentz* and *France, McLanahan & Rouzer* for plaintiff.

*Assistant Attorney-General Herbert Levy* for defendant.

ULMAN, J.—

This case presents an exceedingly narrow though important question. Petitioner desires to operate in Maryland certain bus lines in interstate commerce during the last few weeks of the calendar year 1925. It has complied with all prerequisites except the obtention of licenses from the Commissioner of Motor Vehicles. It has applied for such licenses and has tendered in payment therefor the sum of eight hundred and thirty dollars and twenty-five cents ($830.25). The Commissioner has refused to issue the licenses except upon payment of license fees in an aggregate amount of $3,214.13.

This discrepancy arises out of the fact that petitioner tendered an amount calculated upon the actual number of passenger-seat-miles to be travelled by its busses during the few remaining weeks of 1925; whereas the Commissioner demands an amount calculated upon the number of passenger-seat-miles which said busses would travel if operated upon their proposed schedules for a period of six months.

The Commissioner bases his action upon the provisions of Section 253 of Art. 56 of the Code of 1924. If that section be constitutional under the

Commerce Clause of the Federal Constitution, then the ruling of the Commissioner should be upheld and the petition for a writ of mandamus should be dismissed. .

The petitioner contends, however, that the section of the Maryland law invoked by the Commissioner will, if applied to the licensing of busses engaged in interstate commerce, constitute an unreasonable interference with such interstate commerce; and that, so far as it affects interstate commerce, it is repugnant to the Commerce Clause of the Federal Constitution. Petitioner also advances the contention that said section is unreasonable in itself, and that it should not be applied in the granting of licenses for purely intrastate bus lines. The latter contention, however, has nothing to do with the instant case; and this Court will not now pass upon it except to say that the legal tests applicable to the two contentions are not identical.

The Supreme Court of the United States has decided two cases which bear closely upon this question. In Hendrick vs. Maryland, 235 U. S.· 610-22-23, the Court said:

"The reasonableness of the State's action is always subject to inquiry in so far as it affects interstate commerce, and in that regard it is likewise subordinate to the will of Congress."

And in Kane vs. New Jersey, 242 U. S. 160-168, the Court said, referring to a New Jersey Statute there under consideration:

"The amount of the fee is not so large as to be unreasonable; and it is clearly within the discretion of the State to determine whether the compensation for the use of its highways by automobiles shall be determined by way of a fee, payable annually or semi-annually, or by a toll based on mileage or otherwise."

The Maryland Statute now being considered does not determine the amount of compensation to be paid for bus licenses in either of the two ways definitely suggested by the Supreme Court. It does not prescribe a "fee, payable annually or semi-annually." It does prescribe a "toll based on mileage." But it prescribes further that such toll shall be charged upon an annual or semi-annual basis, thus attempting to combine the two methods. That is to say, Section 251, C, of Article 56, imposes a charge of "one seventh (1/7c.) of a cent per each passenger seat *multiplied by the total number of miles that said application shall show will be travelled* over State, State Aid, improved county roads and streets and roads of incorporated towns and cities in the State of Maryland by such motor vehicles *during the year for which such certificate is issued.*" That is "a toll based on mileage"; and the Statute is entitled to the presumption of reasonableness as to the rate per passenger-seat-mile so fixed. But Section 253 of Article 56 purports to engraft upon this reasonable charge a condition that license or registration fees so determined shall be "on the basis of the entire year," or in case of licenses issued after July 1, in any year upon the basis of six months. In other words, by Section 253, the "toll based on mileage" is based not on the miles which the bus *will* travel during the year, but upon the miles which it *would* travel if it ran for the entire year or for half a year as the case may be. In the case at bar, the Court will take judicial notice of the fact that during the last six weeks of the year 1925, the busses in question not only will not but that they can not physically travel the number of miles for which the State is attempting to collect "a toll based on mileage."

This, it seems to the Court, is distinctly unreasonable, and (in a case involving the licensing of busses in interstate commerce) brings Section 253 of the Statute directly under the ban of the Commerce Clause of the Federal Constitution. If the ruling of the Automobile Commissioner under the Statute is good in this case, it would follow that precisely the same charge, i. e., $3,243.13, would have to be paid for a license to operate these same busses for one week beginning December 26, 1925, or for one day beginning on the morning of December 31, 1925. One can the better test the unreasonableness of this by considering that, upon this basis, the license charge for the operation of one bus having twenty-two passenger seats for one day (if that day happened to ·be December 31st) would be, in round figures, a little over six hundred ($600) dollars. That certainly means that the owner of such a bus could not afford to obtain a license for its operation for ·the day in question; and,

if it be answered, that he should wait until the next day, the answer is itself a confession that the law in question does interfere with and, *pro tanto*, prevent interstate commerce. While the vice of the law is not so clearly apparent in the case at bar as in the supposed case of a license sought for a day, or a few days, at the end of a calendar year, even in the present case, it is only fair to assume that the payment of a license fee of more than one hundred ($100) dollars per week for each week's operation of a single bus would amount to so serious a burden upon the proposed enterprise as to cause the petitioner at least to hesitate about starting the operation of its bus lines before January 1st, 1926. That is a situation, it seems to the Court, clearly contrary to the Commerce Clause of the Constitution of the United States. The petition for a writ of mandamus is granted.