**BAILEY v. SMITH, Secretary of State of Iowa.**

No. 4401.

District Court, S. D. Iowa, C. D.

Dec. 28, 1928.

Bradshaw, Schenk & Fowler, of Des Moines, for plaintiff.

John Fletcher, Atty. Gen., and Earl F. Wisdom, Asst. Atty. Gen., for defendant.

DEWEY, District Judge.

The complainant herein having filed his bill in equity in this court, claims that he is a soldier in the regular army of the United States, having enlisted from the state of Colorado, and now resides within the military reservation or army post of Ft. Des Moines; that he is not a citizen or resident of the state of Iowa; that the military reservation or army post of Ft. Des Moines is a "Federal District" consisting of approximately 1,600 acres, the title to which is in the United States of America which has exclusive jurisdiction therein; that the laws of Iowa (Code 1927) provide for an annual license fee on motor vehicles operated on the public highways of that state, but provides an exemption as follows (section 4865): "The provisions herein * * * shall not apply to a motor vehicle owned by a nonresident of this state * * * provided that the owner shall have complied with the provisions of the law of the foreign country, state, territory, or federal district of his residence relative to registration of motor vehicles."

The law also provides (section 4927): "The registration fees imposed by this chapter upon motor vehicles * * * shall be in lieu of all taxes, general or local, to which motor vehicles may be subject."

And complainant alleges that he is the owner of an automobile; that he has registered the same in compliance with the law of the military district or army post above referred to; and that on occasions uses the highways of Iowa. He also alleges that the commandant of said military post has by general order, which is designated by him as a law, provided for the registration of the motor vehicles in said military district; and that by amendment thereto such general order provides for reciprocity in the use by nonresident owners of motor vehicles of the

streets and highways of the said military district.

He also claims that there is a large number of soldiers on the military reservation of Ft. Des Moines owning automobiles and operated by them for their own pleasure, and that the respondent is threatening to enforce the laws of the state of Iowa in reference to the use of the highways by them, unless registration of their cars is had in the state of Iowa; and that this suit is brought to test the right of a soldier, who has complied with the laws of the military reservation or district in which he resides, as to the registration of an automobile privately owned by him, to use the streets and highways of the state of Iowa without further or additional payment of a registration fee.

The respondent appeared specially to attack the jurisdiction of the court, and this motion having been duly overruled, he has filed a motion to dismiss the complaint on several grounds which are, briefly, as follows:

(1) That said army post is not a "federal district" within the meaning of the statute providing for exemptions.

(2) That the general order of the commandant of said military post is not a "provision of law."

(3) That the complainant is not a nonresident within the meaning of the law.

(4) That the statute of registration is the exercise of a police power and its exercise cannot deprive complainant of any civil rights under the Fourteenth Amendment to the Constitution.

(5) That complainant is a resident of the state of Colorado and not a resident of a military post, and that he has not complied with the laws of Colorado.

This motion of respondent having been argued in open court on the 8th day of December, 1928, the same was submitted, and, being advised, the court finds as follows:

Complainant's position seems to be that he is a resident of a military federal district within the state of Iowa, but is a nonresident of that state; that a military post is a "federal district" equal in its standing as a sovereign entity with a foreign country, state, territory, or the District of Columbia; that a general order of the commandant of the military post is a provision of law; and that, having complied with that general order as to paying a registration fee of one dollar in this military district, he has the right to use the highways of the state of Iowa under the exemption of the statute.

The mere statement of these claims should demonstrate the fallacy of complainant's position. The civil status and rights of a person in the regular army of the United States, located on a military reservation or army post, and the respective rights and authorities over such persons and their properties by the government, and the state in which such military post or reservation is located, are at times difficult of ascertainment. But in general it may be said that a person residing on such a military reservation or army post does not have the civil or political rights of a citizen of that state. So it has been held that he cannot vote at a state election; cannot have the benefit of the common schools of the state; is not entitled to receive state support. There is a controversy among the authorities as to whether personal property on such a reservation can be taxed by the state.

The motion, however, does not require the determination of the question of whether the complainant is a resident of the state of Iowa, the state of Colorado or the military reservation of Ft. Des Moines. He alleges he is a resident of this army post and a nonresident of the state of Iowa, and, for the purposes of this motion, that will be accepted as an established fact.

It is a recognized rule in the federal courts that the regulation of motor vehicles is an exercise of the police power of the state, and that the state has a right, without being charged with discrimination as against a nonresident, to require all persons who use the highways of that state to comply with its registration laws. Hendrick v. Maryland, 235 U. S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385; Kane v. New Jersey, 242 U. S. 160, 167, 37 S. Ct. 30, 61 L. Ed. 222.

And these authorities hold that a state may regulate the use of its highways by any person using them with an automobile, and the fact that it grants certain exemptions to certain classes of citizens in other states or countries does not warrant a person, not coming within that exemption, to complain that it deprives him of equal protection of the law as guaranteed by the Fourteenth Amendment to the Constitution.

The important question is whether the petitioner is a resident of a "federal district" within the meaning of the statute, or, in other words, is the military post of Ft. Des Moines a "federal district" intended by the Legislature to be included in the exemption.

Many rules are provided for the interpretation of the statutes, but perhaps the only

one necessary to be noted here is the rule stated and set out in section 63 of the Code of Iowa of 1927, as follows: "Words and phrases shall be construed *according to the context* and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning."

Also "the word 'state', when applied to the different parts of the United States, includes the District of Columbia and the territories, and the words 'United States' may include the said district and territories."

Considering the phrase "federal district" then according to the context, it seems clear that the words were intended to refer to the District of Columbia. It would be a strained construction that would permit army posts or reservations to be included in a general classification with a list of sovereignties such as foreign countries, states, and territories of the United States.

Moreover, the motor vehicle law from which the above-stated statutes are excerpts gives a definition of nonresidents, which is a part of the law, as follows: " 'Nonresidents' shall mean residents *of states* [which includes the District of Columbia and territories] other than the state of Iowa and *of countries* other than the United States whose sojourn in this state, or whose occupation or their regular place of abode or business in this state, if any, covers a total period of less than three months in the calendar." Paragraph 7, § 4863, Code Iowa 1927.

If claimant then is not a resident of some state, the District of Columbia, a territory, or a country other than the United States, he is not a nonresident within the meaning of the registration law. The statute expressly so states.

It is true that in one sense a tract of land owned by the government known as Ft. Des Moines, is a federal district, that is, it is a "district" in that it comprises a particular tract of real estate, and it is "federal" in the sense that it is owned and controlled by the United States government.

No one would seriously claim that Ft. Des Moines, or any other army post or military reservation, is ever called by the name of "federal district," or that the approved usage of the term "federal district" means army post or military reservation. This is manifest from the general order No. 6 referred to in the complaint, and its amendment, as the colonel promulgating the orders referred

to "the military reservation of Ft. Des Moines."

It may be that the complainant has no other residence than that of the military reservation, and that this residence may change from time to time, as his occupation necessarily calls for changes in location. It may be, also, that from this situation he doesn't come within any exemptions of the registration laws of the state of Iowa. But even if this situation exists, it cannot be said that the Legislature of Iowa has discriminated against him, for to take advantage of any exemptions of the statute he would have to place himself within a class that would be entitled to such exemptions. Such a holding cannot work any hardship on claimant other than to require him to pay a registration fee commensurate with the fees required of practically all the owners of automobiles in the United States.

He can comply with the laws of Colorado, perhaps, if that is his domicile, or comply with the laws of Iowa, if he intends to use the highways of this state. The military reservation of Ft. Des Moines is practically in the center of the state of Iowa, and any one living at the army post and using an automobile, must necessarily use it mostly on the highways of the state of Iowa.

It is apparent that the claims made in the complaint are far-fetched, and the "law" of the army post so apparently a subterfuge to endeavor to circumvent the plain wording and meaning of the statutes that have reference to the requirement that all users of the highways of the state of Iowa should have a bona fide registration, that further comment is unnecessary.

It follows that the respondent's motion to strike the complaint should be, and the same is, hereby, sustained, and the complainant is given ten days to plead further or stand on the ruling as made. In the event further pleading is filed by the complainant, respondent may have ten days to file a pleading thereto. To all of which complainant excepts.

The above-entitled cause having this day come on for hearing on defendant's motion to dismiss filed December 28, 1928, being a motion to dismiss complainant's bill as amended by the third amendment thereto, and the court being fully advised, it is ordered that said motion to dismiss complainant's bill, as amended by the third amendment, be, and the same is, hereby sustained, and plaintiff's bill of complaint is dismissed, and the said plaintiff thereupon elects and refuses to plead further, and said cause of action is therefore by

the court dismissed, with judgment against plaintiff for costs, to all of which the plaintiff excepts, and his exception is duly allowed.