**CARLEY & HAMILTON, Inc., et al. v. SNOOK, Chief of Division of Motor Vehicles.**

**No. 2274.**

District Court, N. D. California, S. D.
Feb. 13, 1929.

W. R. Crawford and J. F. Vizzard, all of San Francisco, Cal., for plaintiffs.

U. S. Webb, Atty. Gen., and Frank L. Guerena, Deputy Atty. Gen., for defendant.

Before RUDKIN, Circuit Judge, and ST. SURE and LOUDERBACK, District Judges.

**PER CURIAM.**

This is a suit to restrain the enforcement of certain provisions of the California Vehicle Act (St. 1923, p. 517, as amended by St. 1927, p. 1708). The plaintiffs are corporations and individuals operating motor vehicles exclusively within the limits of incorporated cities of the state and make no use of the highways of the state, except the streets of the cities in which they operate. The defendant is Chief of Division of Motor Vehicles in the state, and by virtue of his office is charged with the duty of enforcing the provisions of the Vehicle Act. Section 77(a) of the act (St. 1923, p. 536, as amended by St. 1927, p. 1708) prescribes a registration fee of $3 for the registration of every motor vehicle, trailer, or semitrailer, except those which are exempted by the act, to be paid at the time application is made for registration. Section 77(b) (as amended by St. 1927, p. 1708), prescribes an additional registration fee for the registration of every electric passenger motor vehicle, and for the registration of every electric motor vehicle designed, used or maintained primarily for the transportation of passengers for hire or for the transportation of property; the additional fee varying from $50 to $90, depending upon the weight of the vehicle. Section 77(c) (as amended by St. 1927, p. 1709) prescribes an additional registration fee for the registration of vehicles, including trailers and semitrailers, designed, used or maintained primarily for the transportation of passengers for hire or for the transportation of property; the additional fee varying from $15 to $70, depending upon the weight of the vehicle; but the additional fee prescribed by this subsection need not be paid for electric vehicles. Section 51 (St. 1923, p. 528)

declares that it shall be unlawful and constitute a misdemeanor for any person to operate, or for the owner thereof to knowingly permit the operation of any motor vehicle, trailer, or semitrailer upon a public highway, which shall not be registered, or for which the registration fees have not been paid, when and as required by the provisions of the act. Section 21 (St. 1923, p. 519) defines public highway as, every highway, road, street, alley, lane, court, place, trail, drive, bridge, viaduct, or trestle laid out or erected as such by the public, or dedicated or abandoned to the public, or intended or used for or by the general public, except such portions thereof as are used or prepared for use by pedestrians as sidewalks. Section 159 of the act (St. 1923, p. 568, as amended by St. 1927, p. 1441) creates in the state treasury a motor vehicle fund in which is deposited all moneys received from registration fees, and some other sources. One-half the net receipts from this fund is appropriated and authorized to be paid from the motor vehicle fund to the counties of the state in proportion to the number of vehicles registered in such counties, as determined by the places of residence of the owners to whom the registration certificates are issued, and the board of supervisors of any county, in its discretion, may expend any portion of the sum so received by the county in the construction, maintenance, and repair of streets, bridges, and culverts within those incorporated cities therein, the legislative bodies of which, by ordinance, authorize such work of construction, maintenance, and repair. In addition to the foregoing fees, the complaint avers that the incorporated cities of the state have enacted ordinances exacting license taxes or fees on motor vehicles, trailers, and semitrailers using the streets of the cities for the transportation of passengers or property for hire; the amount of the tax or fee varying, from $5 to $42 per motor vehicle, in the different cities.

The plaintiffs challenge the validity of those portions of the act imposing a tax or registration fee on the vehicles owned and operated by them within the corporate limits of the several municipalities of the state, on the ground that the fee is in the nature of a toll for the use of the highways, and inasmuch as the plaintiffs make no use of the highways outside of the municipalities and are taxed for such use by the municipalities, the exaction by the state violates the Fourteenth Amendment to the Constitution of the United States. This broad contention cannot be sustained. In the lawful exercise of its acknowledged police power, the states

may, beyond question, exact registration fees from owners and users of motor vehicles, varying with their horse power or weight, regardless of the extent or place of use, so long as the vehicles are or may be used on the public highways of the state. Thus, in Hendrick v. Maryland, 235 U. S. 610–622, 35 S. Ct. 140, 142, 65 L. Ed. 385, the court said:

"The movement of motor vehicles over the highways is attended by constant and serious dangers to the public, and is also abnormally destructive to the ways themselves. Their success depends on good roads, the construction and maintenance of which are exceedingly expensive; and in recent years insistent demands have been made upon the states for better facilities, especially by the ever-increasing number of those who own such vehicles. As is well known, in order to meet this demand and accommodate the growing traffic the state of Maryland has built and is maintaining a system of improved roadways. Primarily for the enforcement of good order and the protection of those within its own jurisdiction the state put into effect the above-described general regulations, including requirements for registration and licenses. A further evident purpose was to secure some compensation for the use of facilities provided at great cost from the class for whose needs they are essential, and whose operations over them are peculiarly injurious.

"In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles, those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles and the licensing of their drivers, charging therefor reasonable fees graduated according to the horse-power of the engines,—a practical measure of size, speed, and difficulty of control. This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce."

And in the late case of Kane v. New Jersey, 242 U. S. 160–167, 37 S. Ct. 30, 31, 61 L. Ed. 222, the court said: "The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained. It extends to nonresidents as well as to residents. It includes the right to exact reasonable compensation for special facilities afforded as well as reasonable provisions to insure safety. And it is properly exercised in imposing a li-

cense fee graduated according to the horse power of the engine."

For these reasons we are of the opinion that the registration fee imposed by the state is a valid exercise of the police power of the state and violates no provision of the Constitution of the United States.

Whether the fee or tax imposed by the municipalities for the like use is valid or not, we need not inquire because its validity is not questioned.

The decree or order heretofore entered, granting a preliminary injunction, is therefore dissolved, and the bill of complaint is dismissed for want of equity.

Let a decree be entered accordingly.