## Epstein v. Boardman, Secretary of Revenue

*Louis Fow*, for petitioner.
*Michael A. Spatola*, for respondent.

SMITH, P. J., May 9, 1938.—This matter comes before the court on a petition for appeal from suspension of a motor vehicle operator's license and the answer of the Commonwealth thereto. This case was heard upon petition and answer.

Petitioner, Jacob Epstein, a duly licensed operator of an automobile, while using his automobile in his business

as a salesman on January 26, 1938, was arrested by a Pennsylvania motor policeman at East Whiteland Township, Chester County, Pa. He was taken before Thomas Keyes, a justice of the peace at Frazer, Pa., and charged with having driven his automobile at an excessive rate of speed on the highway, to wit, 61 miles per hour. He was fined by the justice of the peace in the sum of $10 and costs. Epstein was later cited for a hearing by the Secretary of Revenue, and the hearing was had before him on February 24, 1938. At this hearing, Epstein was charged with violating section 1002 of The Vehicle Code of May 1, 1929, P. L. 905 as amended by the Act of June 22, 1931, P. L. 751, for driving his automobile at the rate of 61 miles per hour. At the conclusion of the hearing, by order of the Secretary of Revenue, the petitioner had his operator's license suspended for a period of 90 days in accordance with the powers conferred upon the Secretary of Revenue under section 615 (b) 2 of The Vehicle Code.

Petitioner contends that the action of the Secretary of Revenue is arbitrary and unreasonable, and in depriving him of the use of his automobile over a period of 90 days is a gross abuse of discretion.

Under the provisions of section 615 of The Vehicle Code, power is given to the Secretary of Revenue after hearing to suspend the operator's license of a man for reckless driving, which in itself is a violation of the motor vehicle laws of this Commonwealth. Undoubtedly, the legislature of the Commonwealth has plenary power over the highways of this State, and all persons using the highways are bound to use them properly, using due care and caution in the operation of any vehicle. The right to use the highway by a motor vehicle is not unrestricted, and the Commonwealth of Pennsylvania alone has the power to determine how its highway may be used. To carry these laws into effect, the legislature is buttressed by the police power of the State. The power of the State has been definitely decided in several Federal court deci-

sions: Hendrick v. State of Maryland, 235 U. S. 610; Hess v. Pawloski, 274 U. S. 352. In the latter case, Mr. Justice Butler said:

"In the public interest the State may make and enforce regulations reasonably calculated to promote care on the part of all, residents and non-residents alike, who use its highways."

Mr. Justice Barnes, in Commonwealth v. Funk, 323 Pa. 390, 395, stated:

"The permission to operate a motor vehicle upon the highways of the Commonwealth is not embraced within the term civil rights, nor is a license to do so a contract or a right of property in any legal or constitutional sense. Although the privilege may be a valuable one, it is no more than a permit granted by the state, its enjoyment depending upon compliance with the conditions prescribed by it, and subject always to such regulation and control as the state may see fit to impose."

The Commonwealth of Pennsylvania by its assembly has fixed a definite limit over which the driver of a vehicle may not go. The driver Epstein exceeded this speed limit and as such becomes a violator of the motor vehicle laws of this Commonwealth. As a violator of the laws under the Act of 1931, he becomes subject to disciplinary measures by the Secretary of Revenue. The suspension for 90 days by the said Secretary of Revenue of the license of Epstein is not a gross abuse of discretion and is within the powers conferred upon him by the act of assembly.

It is not the contention of petitioner that he was deprived of his property without due process of law. Indeed, if he had, the opinion of Mr. Justice Barnes in the case of Commonwealth v. Funk, supra, has already settled that question in this State. It is a matter of common sense and for the general public good that such laws are put into effect to stop the operation of vehicles on public highways by reckless drivers. Not only does the reckless

driver jeopardize his own life and those of the occupants of his car but also many other innocent people using the highway at the same time.

In the case of Hurtado v. People of California, 110 U. S. 516, 537, it was stated:

"It follows that any legal proceeding enforced by public authority, whether sanctioned by age and custom, or newly devised in the discretion of the legislative power, in furtherance of the general public good, which regards and preserves these principles of liberty and justice, must be held to be due process of law."

The power conferred upon the Secretary of the Department of Revenue to suspend the license of Epstein is an administrative function and is therefore not prohibited by article V, sec. 1, of the Constitution of Pennsylvania. As was said in the case of Commonwealth v. Funk, supra, p. 398, the question of delegation of power to an administrative officer was definitely settled by the decision of that court in the case of Gima v. Hudson Coal Co., 310 Pa. 480:

"We decided there that while the legislature cannot delegate its power to enact a law, it may make a law which delegates the power to determine some fact or state of things upon which the law makes its own action depend."

The facts as set forth in the answer definitely settle the fact that Epstein was going 61 miles per hour; that he was properly arrested; that he had a proper hearing before the Secretary of the Department of Revenue; and that the order of the Secretary to suspend the operator's license of Epstein for a period of 90 days was proper and in accordance with the law.

## Order

And now, to wit, May 9, 1938, the petition of Jacob Epstein for appeal from suspension of his motor vehicle operator's license is dismissed.