**2012 ME 91**

**STATE of Maine**

v.

**Timothy M. CASON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 5, 2012.
Decided: July 12, 2012.

Timothy M. Cason, pro se appellant.

The State of Maine did not file a brief.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

[¶ 1] Timothy M. Cason appeals from the judgment of the District Court (Augusta, *French, J.*) convicting him, following a hearing, of operating an unregistered vehicle (Class E), 29–A M.R.S. § 351(1)(B) (2011). Cason does not appear to dispute that he was operating a vehicle with an expired registration in Gardiner on or about July 31, 2011.[1]

[¶ 2] Cason contends that the operating an unregistered vehicle charge should have been dismissed because it was brought in violation of "the Peoples common law right to travel" and that an "American citizen does indeed have the inalienable right to use the roadways unrestricted in any manner as long as they are not damaging or violating property or rights of another."

[¶ 3] Contrary to Cason's contentions, persons operating motor vehicles on the roadways are properly required by law to have the motor vehicles registered as a condition of operation. There exists no inherent constitutional right to drive on public ways. *See State v. Demerritt*, 149 Me. 380, 383–84, 103 A.2d 106 (1953);

*Hendrick v. Maryland,* 235 U.S. 610, 622, 35 S.Ct. 140, 59 L.Ed. 385 (1915). The Legislature does not restrict the right to travel when it sets conditions and restrictions on the operation of motor vehicles. *See Hendrick,* 235 U.S at 624, 35 S.Ct. 140.

The entry is:

Judgment affirmed.

---

1. The vehicle that Cason was operating, a 1966 Triumph TR4, had a registration that expired on October 31, 2009.