# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2019

Lyle W. Cayce
Clerk

WESLEY PERKINS,

Plaintiff–Appellant,

v.

G. W. IVEY, Justice of the Peace, Bell County, Texas, Precinct 3, Place  2, Officially and Individually; BELL COUNTY, TEXAS; CITY OF BELTON, a municipal corporation; REYWENDY MORILLO, Officially and Individually; WHITNEY BREWSTER, Executive Director, Texas Department of Motor Vehicles, Officially and Individually,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-1173

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

On December 16, 2016, Belton police officer Reywendy Morillo pulled over Wesley Perkins for lack of a license plate. Perkins presented no license or registration. He instead gave Office Morillo several letters addressed to Whitney Brewster, Executive Director of the Texas Department of Motor

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50023

Vehicles, notifying her that his vehicle was not engaged in commercial transportation, and thus was not subject to the requirements of the Texas Transportation Code. Officer Morillo was unconvinced and arrested Perkins for driving without a license or registration and for operating an untitled and unregistered motor vehicle.

Perkins, pro se, sued under 42 U.S.C. § 1983, alleging improper arrest and civil conspiracy (among other things). The district court promptly referred all pending and further motions in his case to a magistrate judge. All defendants filed motions to dismiss for failure to state a claim.[1] The magistrate judge recommended the motions be granted. Upon receiving this recommendation, the district judge dismissed Perkins's claims against all defendants with prejudice.

Perkins now appeals. He argues that dismissal was inappropriate because: (1) The district court judge lacked authority to refer his case to the magistrate judge; (2) the magistrate judge lacked authority to participate in determination of his case; (3) the district and magistrate judges are both disqualified from this case; and (4) the dismissal was an abuse of discretion.

District court judges may designate magistrate judges to "submit . . . proposed findings of fact and recommendations for the disposition" of any motion to dismiss.[2] Thus Perkins's first two arguments are directly foreclosed by law. And because his disqualification argument is founded on the mistaken belief that district judges may not delegate certain pretrial matters to magistrate judges for review and recommendation, it fails as well.

Finally, Perkins contends that both judges abused their discretion by granting Appellees' motion to dismiss. We review such matters de novo,

---

[1] *See* FED. R. CIV. P. 12(b)(6).

[2] 28 U.S.C. § 636(b)(1)(B).

No. 19-50023

"accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[3] To survive, the plaintiff's complaint must state a claim to relief that is facially plausible and raises a right to relief above the speculative level.[4]

The Supreme Court ruled long ago that states may regulate the operation "of all motor vehicles" that drive within their borders, and "may require the registration of such vehicles and the licensing of their drivers" pursuant to their constitutionally protected police power.[5] Texas law is rather straightforward: "The owner of a motor vehicle registered in this state . . . may not operate or permit the operation of the vehicle on a public highway until the owner applies for title and registration of the vehicle; or obtains a receipt evidencing title for registration purposes . . . ."[6] Moreover, drivers "may not operate a motor vehicle on a highway in this state unless the person holds a driver's license" and must "display the license on the demand of a . . . peace officer."[7] Perkins violated these laws according to their plain meaning. And his counter-argument that he is not governed by the statutes is unconvincing.[8]

It is simply incorrect "that to be regulated under the Transportation Code, one must assert 'commercial consent,'" as Perkins maintains.[9] Perkins rests his argument on *Lozman v. City of Riviera Beach*, in which the Supreme Court ruled that transportation in a vessel may be shown for the purposes of 1 U.S.C. § 3 by the "conveyance (of things or persons) from one place to

---

[3] *Hines v. Alldredge*, 783 F.3d 197, 200-01 (5th Cir. 2015).

[4] *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[5] *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915).

[6] TEX. TRANSP. CODE § 501.022(a).

[7] TEX. TRANSP. CODE §§ 521.021, 521.025.

[8] A "motor vehicle" is "[a] wheeled conveyance that does not run on rails and is self-propelled, esp. one powered by an internal combustion engine, a battery or fuel-cell, or a combination of these." *Vehicle*, BLACK'S LAW DICTIONARY (11th ed. 2019). All functioning cars, including the one Perkins was operating, fit this definition.

[9] *Perkins v. Brewster*, 2018 WL 814250, at *2 (W.D. Tex. Feb. 9, 2018).

No. 19-50023

another."[10] Perkins contends that because he was not transporting passengers or cargo, he was not operating a "vessel," and thus he may not be arrested for violations of law governing vehicles – a kind of "vessel." But *Lozman* never once speaks of anything resembling "commercial consent." And its holding covers vessels "capable of being used . . . as a means of transportation on water," not motor vehicles.[11] The latter are regulated by the Texas Transportation Code, and the district court correctly applied the law.

The judgment of the district court is AFFIRMED.

---

[10] 568 U.S. 115, 121 (2013) (quoting *Transportation*, OXFORD ENG. DICTIONARY (2nd ed. 1989)).

[11] *Id.* at 123 (quoting 1 U.S.C. § 3).