

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38209-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHANE R. HOPKINS, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Shane Hopkins appeals his convictions for attempting to elude a police vehicle and second degree criminal trespass.  We affirm.

A long recitation of the facts is unnecessary to resolve the appeal.  Spokane County Sheriff's Deputy Jessica Baken stopped a vehicle driven by Shane Hopkins because she suspected he drove the car and he was unlicensed to drive.  She confirmed his lack of a license on her patrol car's computer.  Hopkins refused to produce a Washington State driver's license when stopped.  He informed Deputy Baken that he needed no license.

Shane Hopkins argues the Ninth and Tenth Amendments to the United States Constitution afford him the right to drive without a Washington driver's license.

Nevertheless, a state may validly exercise its police power and provide for public safety by requiring driver licensing. *Hendrick v. Maryland*, 235 U.S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385 (1915). No court has recognized a fundamental right to operate a motor vehicle arising from the Ninth Amendment. *See National Association of Property Owners v. United States*, 499 F. Supp. 1223, 1246-47 (D. Minn. 1980), *aff'd sub nom. Minnesota v. Block*, 660 F.2d 1240 (8th Cir. 1981).

Shane Hopkins also maintains that a requirement of a driver's license violates his constitutional right to travel. While the United States Constitution provides some protections for an individual's right to travel, the right does not extend to a particular mode of travel. *City of Spokane v. Port*, 43 Wn. App. 273, 274-76, 716 P.2d 945 (1986).

Shane Hopkins asserts that he must be allowed to drive to obtain food. Although Spokane County's design principally favors the automobile, Hopkins may use other means of transportation such as bicycle, taxi, or public transit. *State v. Clifford*, 57 Wn. App. 127, 130, 787 P.2d 571 (1990).

Shane Hopkins advances additional assorted articles and amendments from the United States Constitution. He argues that article I, section 8, clause 17 of the Constitution provides the United States Congress exclusive jurisdiction over Washington's roadways. Contrary to the contention, the clause grants the United States Congress full control over the District of Columbia, our nation's seat of government.

*District of Columbia v. John R. Thompson Co.*, 346 U.S. 100, 104-10, 73 S. Ct. 1007, 97 L. Ed. 1480 (1953).

Shane Hopkins also argues the supremacy clause grants the United States exclusive jurisdiction. We agree that the Constitution and laws of the United States function as the supreme law of the land. U.S. CONST. art. VI, cl. 2. But no congressional enactment conflicts with Washington law demanding a driver's license for operating a motor vehicle.

Shane Hopkins argues that Spokane County Sheriff Deputy Jessica Baken lacked probable cause to search his Department of Licensing records, which search led to Hopkins' traffic stop. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. CONST. amend. IV. Federal courts do not extend Fourth Amendment protections to searches of driver's records. *Kennedy v. City of Braham*, 67 F. Supp. 3d 1020, 1031-33 (D. Minn. 2014). Washington's article I, section 7, which provides greater privacy protections than the Fourth Amendment, also fails to protect an interest in the information contained in a Department of Licensing driver's record. *State v. McKinney*, 148 Wn.2d 20, 32, 60 P.3d 46 (2002).

Finally, Shane Hopkins contends that the State never established that he is a United States citizen. Nevertheless, Hopkins' citizenship status bears no relevance to the question of whether he committed a criminal act in Washington.

CONCLUSION

We affirm Shane Hopkins' convictions.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Pennell, J.                               Staab, J.