THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM R. VON RAPACKI, Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, March 26, 1936.

*Barker D. Leich* for the appellant.

*Paul Windels, Corporation Counsel* [*Charles E. Ramsgate* of counsel], for the respondent.

KERNOCHAN, P. J. The appellant appeals from a judgment of the Magistrates' Court.

The complaint upon which the judgment is based reads as follows: " William R. Von Rapacki did unlawfully drive and operate an automobile truck at Hamilton Avenue and 15th Street this Borough, the said automobile truck being used for hire or to carry merchandise and deemed to be a public cart without having obtained a license for a public cart, in violation of Chapter 14, Section 142. of the Code of Ordinances of the City of New York."

This pleading really charges a violation of section 1 of chapter 14 of the Code of Ordinances, which provides: " no person shall engage in, or carry on any business, trade or occupation or maintain any place or thing specified in this section without a license therefor." One of the businesses mentioned is that of a public cartman. A public cart and cartman is described and defined in section 140 of chapter 14 of the Code of Ordinances in these words: " Every vehicle, of whatever construction, drawn by animals or propelled by any motor power, which is kept for hire or used to carry merchandise, household or office furniture or other bulky articles within the city, for pay, shall be deemed to be a public cart, and the owner thereof shall be deemed to be a public cartman."

The appellant was not the owner of the cart in question, but it was owned by his employer, the Adley Express Company, and he was a chauffeur employed by that company.

The first question naturally raised by the appellant is that not being the owner he should not be considered a public cartman for the ordinance designates the owner as such. This point may be well taken but a reversal on that ground is not really desired here, but rather that the court should decide whether the Adley Express Company is obligated to take out licenses for its trucks doing an interstate business.

The facts of the case are not in dispute. The Adley Express Company carries on an interstate express business. Its principal office is in New Haven, Conn., and they have a branch office at 606 Greenwich street, in the borough of Manhattan, city of New York.

The truck in question had been driven into New York city the day of the arrest loaded with merchandise consigned from various New England cities to points in New York city and Long Island. The appellant had taken charge of the truck at the Greenwich street office, and when arrested was making deliveries of the merchandise to the consignees. He also testified that he picked up merchandise consigned to other points outside of New York city. The company did not do an intracity express business.

It is undisputed that the truck driven by the appellant was engaged exclusively in interstate commerce; the company owning the truck is also engaged in interstate commerce although it also does some intrastate business but not an intracity business.

These facts are almost identical with the facts in the case of *Adams Express Co.* v. *New York* (232 U. S. 14). The suit was brought to restrain the enforcement of a group of ordinances of the board of aldermen of the city of New York upon the ground that as applied to the Adams Express Company these ordinances constituted

an unconstitutional interference with interstate commerce. This group of ordinances were much the same as the ordinances now being reviewed in the instant case, for the chapter referred to specified businesses in which no one was permitted to engage except under a license. The city of New York contended that the wagons of the Adams Express Company engaged in interstate commerce should be licensed. In granting the relief sought Justice HUGHES said: "In the absence of a controlling state decision construing the group of ordinances in question and the statute authorizing the City to license businesses (Greater New York Charter, § 51), we are not satisfied that they were designed, despite the broad definition contained in § 330, to apply to interstate business. * * * But, if the above-mentioned sections are to be deemed to require that a license must be obtained as a condition precedent to conducting the interstate business of an express company, we are of the opinion that so construed they would be clearly unconstitutional. * * * As was said by this court in *Crutcher* v. *Kentucky*, 141 U. S. 47, 58, ' a state law is unconstitutional and void which requires a party to take out a license for carrying on interstate commerce, no matter how specious the pretext may be for imposing it.' "

On the authority of this case the judgment of the Magistrates' Court must be reversed on the law, the facts examined and no errors found therein, complaint dismissed, defendant discharged and fine ordered remitted.

All concur. Present — KERNOCHAN, P. J., SALOMON and VOORHEES, JJ.