THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* RUFUS A. LEARNARD, Respondent.

Argued June 5, 1953; decided July 14, 1953.

*Clinton S. Cole,* District Attorney (*William J. Crangle, Jr.,* of counsel), for appellant. I. The information is sufficient to charge a crime. (*Fleming* v. *People,* 27 N. Y. 329.) II. The facts alleged in the information were proven beyond a reasonable doubt. III. The judgment of reversal in the County Court was based solely upon the construction of the Vehicle and Traffic Law and was not a reversal upon the facts. IV. The Vehicle and Traffic Law grants no exemption from registration to vehicles engaged in any transportation for hire wherein such vehicles move solely between points in the State of New York.

*Nathaniel L. Goldstein,* Attorney-General (*John C. Crary, Jr., Wendell P. Brown* and *Robert W. Bush* of counsel), for Commissioner of Motor Vehicles, *amicus curiæ,* in support of appellant's position. I. The Vehicle and Traffic Law grants no exemption from registration to vehicles engaging in any transportation for hire wherein such vehicles move solely between points in the State of New York. (*Kane* v. *New Jersey,* 242 U. S. 160; *Storaasli* v. *Minnesota,* 283 U. S. 57; *Stephenson* v. *Binford,* 287 U. S. 251; *Hendrick* v. *Maryland,* 235 U. S. 610; *S. C. Hwy. Dept.* v. *Barnwell Bros.,* 303 U. S. 177; *Mid-States Frgt. Lines* v. *Bates,* 304 N. Y. 700, 345 U. S. 908; *California* v. *Zook,* 336 U. S. 725; *Fry Roofing Co.* v. *Wood,* 344 U. S. 157; *People* v. *Horton Motor Lines,* 281 N. Y. 196.) II. The driver of a vehicle other than the owner not registered as required by the Vehicle and Traffic Law may properly be convicted of a violation of subdivision 1 of section 11 thereof. (*People* v. *Speciale,* 273 N. Y. 413.)

*Roger H. Williams* and *Clarence E. Williams* for respondent. I. The conviction of defendant, an employee, was improper. (*People* v. *Underhill,* 267 App. Div. 833; *People* v. *Speciale,* 273 N. Y. 413.) II. The prosecution failed to prove the guilt of defendant beyond a reasonable doubt. (*People* v. *Belcher,* 302 N. Y. 529; *People* v. *Jacoby,* 304 N. Y. 33.) III. The Court of

Appeals under the circumstances here has jurisdiction to consider this entire case. IV. Defendant was not transporting '' property for hire or profit from one point in this state to another point in this state '', within the meaning of subdivision 3 of section 51 of the Vehicle and Traffic Law of this State. (*Shuba* v. *Greendonner,* 271 N .Y. 189; *Gimenez* v. *Great Atlantic & Pacific Tea Co.,* 242 App. Div. 485; *Anderson* v. *Title Guar. & Trust Co.,* 160 Misc. 881, 248 App. Div. 895; *People ex rel. Steckler* v. *Warden of City Prison,* 259 N. Y. 430; *Sharkey* v. *Thurston,* 268 N. Y. 123; *People* v. *Horton Motor Lines,* 281 N. Y. 196; *People* v. *Elmore,* 277 N. Y. 397; *People* v. *Russell,* 266 N. Y. 147; *New Jersey* v. *Garford Trucking,* 4 N. J. 346; *Matter of Libertucci* v. *New York Central R. R. Co.,* 252 N. Y. 182.)

DESMOND, J. Defendant, a New York resident employed by a Delaware corporation, was convicted, after a trial before a Court of Special Sessions in Montgomery County, of a violation of subdivision 1 of section 11 of the Vehicle and Traffic Law, on a finding that he had operated, on a public highway in that county, a motor vehicle not registered and licensed in New York State. The vehicle consisted of two units, one a motor tractor which had been registered and licensed in Rhode Island, and the other a trailer, registered and licensed in North Carolina. On the trailer, at the time of the alleged violation, were several lots of merchandise, all in their original packages, which were being transported by defendant's employer, in interstate commerce, on a single waybill, from a consignor in Baltimore, Maryland, to a consignee in Fort Plain, N. Y. The journey of these particular goods from Baltimore to Fort Plain had, however, been interrupted at Utica, N. Y., in that, after first having been carried from Baltimore to Utica in another vehicle operated by defendant's employer, they had lain, for some short period of time, in that employer's warehouse in Utica, whence they were being carried to Fort Plain in the motor equipment driven by defendant when defendant was arrested. Thus, the tractor, unregistered in New York, was being driven on our highways in a way that fell afoul of subdivision 3 of section 51 of the Vehicle and Traffic Law, which denies exemption from New York registration for any motor vehicle, whether owned by a resident

or nonresident, '' which is operated on any public highway of this state to transport * * * property for hire or profit from one point in this state to another point in this state ''. Although the record could be clearer as to the precise facts, it was satisfactorily shown that, regardless of the original shipping point of this merchandise, this tractor was, in pulling the trailer from one city to another in this State, without New York registration, violating the plain terms of the statute.

On appeal from the conviction, however, the County Judge, being of the opinion that the statute, if construed to cover this vehicle while so engaged, would be unconstitutional as unlawfully burdening interstate commerce, gave it a different meaning, and reversed the conviction, on the law, and dismissed the information. Defendant, so held the County Court, was within the exemption from registration found in subdivision 1 of section 51 of the Vehicle and Traffic Law, which makes registration unnecessary for a motor vehicle owned by a nonresident, provided that such owner has complied with the registration law of his own State and provided, also, that his own State grants, reciprocally (as do both Rhode Island and North Carolina) a like privilege and exemption to our residents. In other words, the County Court found, in subdivision 1 of section 51, an exemption as to the owner of this vehicle because this owner was a nonresident from a reciprocity-granting State, and the court refused to apply to this tractor the exception in subdivision 3 (*supra*), as to operation from one point to another in this State, because, so the County Court held, the literal application of that exception, so as to require New York registration in such a case as this, would be an unconstitutional interference with interstate commerce. We disagree, since we find the statutes entirely clear and patently applicable here, and in no sense unconstitutional as applied to this defendant, under these circumstances.

Sections 11 and 51 of the Vehicle and Traffic Law are lengthy and wordy but so far as material here they contain: first (in § 11, subd. 1), a prohibition against the operation of any motor vehicle on the public highways of the State without first being registered under New York law; second (in § 51, subd. 1), an exemption as to vehicles owned by nonresidents of this State whose States grant reciprocal exemptions; and, third (in § 51,

subd. 3) an exception from the exemption first mentioned, which exception requires licensing of vehicles owned by nonresidents, despite reciprocity, if those vehicles transport persons or goods for hire between points in this State. So read and applied to vehicles, like that driven by defendant, which carry or haul property moving in interstate commerce, the New York laws do, of course, impose a " burden ", of sorts, on that commerce. But the States, under the police power, may, without violating the commerce clause, regulate the use of their own highways and exact compensation for their use, and, for that purpose, may impose moderate, reasonable, uniform, nondiscriminatory registration regulations and fees, even on vehicles engaged directly in interstate commerce, at least so long as the State regulations do not contravene congressional enactments on the same subject (*Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160; *South Carolina Hwy. Dept.* v. *Barnwell Bros,* 303 U. S. 177; *Duckworth* v. *Arkansas,* 201 Ark. 1123, affd. 314 U. S. 390; *California* v. *Zook,* 336 U. S. 725, 735; *Aero Tr. Co.* v. *Commissioners,* 332 U. S. 495; *Buck* v. *California,* 343 U. S. 99, 102, rehearing denied 343 U. S. 932; *Fry Roofing Co.* v. *Wood,* 344 U. S. 157, 162; *Mid-States Frgt. Lines* v. *Bates,* 304 N. Y. 700, certiorari denied 345 U. S. 908). Nothing in *People* v. *Horton Motor Lines* (281 N. Y. 196), applies here, since the tax there illegally imposed on defendant's trucks moving in interstate commerce, was, as this court clearly showed, not a police regulation as to highways, but an occupation tax (see 281 N. Y., p. 203).

The Federal Motor Carrier Act (U. S. Code, tit. 49, § 301 *et seq.*) not only does not so occupy this field as to exclude State registration requirements, of vehicles engaged in interstate commerce, but specifically states that it shall not " affect the powers of taxation of the several States " (U. S. Code, tit. 49, § 302, subd. [b]).

Thus it appears that the State of New York might have imposed its local registration statute on all vehicles, no matter by whom owned — " those moving in interstate commerce as well as others " (*Hendrick* v. *Maryland, supra,* 235 U. S., at p. 622). Though such is its power, this State, as a matter of policy, exempts out-of-State-owned vehicles (if there be reciprocity) but withholds that exemption from vehicles operating

for profit between points in this State. None of the material called to our attention by respondent, in the form of legislative documents, reports, Attorney-General's opinions, etc., could, or does, change the plainly stated meaning of sections 11 and 51 (*supra*).

Since the offense here consisted of driving an unlicensed vehicle, defendant, being the driver, could not escape prosecution by showing that another was the owner.

The order of the County Court should be reversed, but, since that court's reversal was on the law, the case must be remitted to the County Court for determination on the facts (Code Crim. Pro., § 543-a; *People* v. *Kruger,* 302 N. Y. 447).

LEWIS, Ch. J., CONWAY, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Order reversed, etc.