Paul J. Widlitz, J.
This is an appeal from a judgment of conviction in the Nassau County District Court for a violation of subdivision 1 of section 11 of the Vehicle and Traffic Law (operating an unregistered motor vehicle).
The defendant was employed as a driver for a Pennsylvania corporation, authorized as an interstate motor common carrier, to transport new automobiles from Buffalo, New York, to Floral Park Centre, New York, by means of a truck-tractor and trailer. The automobiles involved herein had been shipped by boat from Michigan. The cargo was loaded onto the trailer at Buffalo and the shipment was routed through the State of New York, then into New Jersey, back into New York and thence to its destination in this county where the cargo was unloaded. The tractor involved was oAimed by a New York resident and bore a New York State registration. The trailer, however, Avas owned by the defendant’s employer, a foreign corporation, and Avas registered in the State of Pennsylvania but not in the State of New York. The sole issue presented on this appeal is Avhether the Vehicle and Traffic LaAV requires that the trailer here involved be registered in New York State.
Subdivision 1 of section 11 of the Vehicle and Traffic Law provides: “ 1. Registration by owners. No motor Ambicie shall be operated or driven upon the public highways of this state without first being registered in accordance Avith the provisions of this article, except as otherwise expressly provided in this chapter. ’ ’
An exemption from that registration requirement is contained in subdivision 1 of section 51 of the Vehicle and Traffic Law Avhich provides: “ 1. Except as otherwise provided in subdivision three of this section, the provisions of this chapter relative to the registration and equipment of # * * trailers and the display of registration numbers shall not apply to a * * * trailer owned by a non-resident of this state, provided that the owner thereof shall have complied with the provisions of the law of the foreign country, state, territory or federal district of his residence relative to registration and equipment of such * * * trailer ’ ’.
Subdivision 3 of that same section, hoAvever, contains an exception to such exemption and specifically provides: “ The exemptions provided in subdivisions one, íavo, four and five of this section shall not apply to a * * * trailer nor to the driver thereof, which is operated on any public highway of this *868 state to transport * ® * property for hire or profit from one point in this state to another point in this state * # * The exemptions provided in such subdivisions shall apply to a trailer, used to transport property for hire or profit, drawn from one point in this state to another point in this state by a motor vehicle duly registered under the laws of and owned by a resident of this state provided no property is both placed upon and unloaded from the trailer within the state.” The shipment involved in this case was by a trailer traveling a public highway in this State and transporting property for hire or profit from one point in the State where it was loaded to another point in the State at which it was unloaded. Appellant contends, however, that since the route followed in this shipment went through an adjoining State before reaching its destination, the trailer need not comply with the registration requirements.
The uninterrupted course followed by the defendant took him outside this State for no significant reason other than that of convenience since the route followed was most direct between Buffalo and this county. Such considerations of convenience, however, cannot be deemed sufficient to discharge him from the obligation to comply with the registration requirements. By the clear and concise language of subdivision 3 of section 51, above quoted, the defendant is excluded as a beneficiary of the statute exempting nonresidents from the registration requirements. Where cargo is loaded onto a trailer at one point in New York State and is transported on New York highways to another point within this State for unloading, the owner of such trailer must comply with the registration provisions of the Vehicle and Traffic Law. The requirements of section 11 cannot be avoided by the convenient device of merely routing the shipment through part of another State. To countenance such a scheme would constitute a mockery of a statute designed for the protection of the public and validly enacted under the inherent police powers of the State (Hendrick v. Maryland, 235 U. S. 610; People v. Learnard, 305 N. Y. 495).
The judgment of conviction is affirmed. Submit order.