THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN HAGER, Appellant.—

In our opinion, the vehicle operated by defendant under the circumstances disclosed was exempt from registration

in this State. It was owned by a resident of New Jersey in which State "like exemptions and privileges are granted to motor vehicles ⋆ * * duly registered under the laws of and owned by residents of this state" (Vehicle and Traffic Law, former § 51, subd. 1, [now § 250, subd. 1]; N. J. S. A., 39:3-15). The vehicle was not operated to transport property for profit "from one point in this state to another point in this state" within the meaning of former subdivision 3 of section 51 (now § 250, subd. 3) of the Vehicle and Traffic Law. The purpose and intent of the statute (Vehicle and Traffic Law, § 250, subd. 3) was to require New York registration on all vehicles used in intrastate commercial transportation of persons or property, and not to require such registration in the case of vehicles, otherwise exempt from registration by virtue of reciprocity laws of other States, engaged only in interstate transportation. If the Legislature had intended to require the registration in this State of all vehicles transporting property or persons for hire or profit within this State, whether engaged in interstate or intrastate commerce, it could have so provided. That it did not so intend is indicated by the use of the words "from one point in this state to another point in this state", a provision which would have been entirely unnecessary to the expression of such an intent. The cases relied on by the People and the court below (*People* v. *Learnard*, 305 N. Y. 495; *People* v. *Dantschisch*, 153 N. Y. S. 2d 519) are distinguishable on their facts. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.