Irving Tenenbaum, J.
In this prosecution for operating an unregistered motor vehicle, the defendant moves to dismiss the simplified traffic information on the ground that, at the time in question, the vehicle being operated by the defendant was engaged in transporting goods which were in the flow of interstate commerce and, as such, cannot constitutionally be required to comply with the vehicle registration requirements of the State of New York. The underlying facts are not in dispute and have, for the purpose of this motion, been made the subject of a stipulation between the parties.
The defendant resides in this State and possesses a valid New York State driver’s license. The vehicle in question is *91 owned by a New Jersey corporation and has been duly registered in that State. The vehicle has not, however, been registered in the State of New York. On the day in question, the vehicle was being used to transport goods which originated outside of the State but which were being delivered by the defendant from one point within the State to other points within the State, one of which was within the Incorporated Village of Great Neck Plaza.
The Vehicle and Traffic Law (§ 401, subd 1, par a) provides: "No motor vehicle shall be operated or driven upon the public highways of this state without first being registered in accordance with the provisions of this article, except as otherwise expressly provided in this chapter.” An exemption from the foregoing registration requirement is contained in subdivision 1 of section 250 of the Vehicle and Traffic Law. That section provides, inter alia, that a vehicle properly registered in another jurisdiction need not be registered in New York. However, paragraph (a) of subdivision 3 of that section contains the following exception to the exemption: "The exemptions * * * shall not apply to a motor vehicle * * * which is operated on any public highway of this state to transport persons or property for hire or profit from one point in this state to another point in this state”. Since the defendant has stipulated to facts which constitute a violation of this section, the sole issue is whether prosecution is barred by the fact that the property being transported originated outside of New York.
The defendant’s argument overlooks the fact that the statute does not apply to the goods being transported but to the means and manner in which those goods are transported within this State. The cases cited by defendant bespeak this distinction since in those cases, the public authority (New York City), sought to require a permit to allow the goods through its jurisdiction. Here, the statute clearly applies to the vehicle and, further, applies only if the vehicle is used from one point in New York to another point in New York. Such use of a vehicle is purely intrastate and receives no protection from the commerce clause. Moreover, in the only reported decision cited by defendant, the court acknowledges this State’s power to require registration but dismissed the information because the statute sought to regulate defendant’s business activities, which were part of interstate commerce. (People v Madden, 169 Misc 745.) In the instant case, the *92 statute does not regulate defendant’s business. Therefore, this court finds no merit in the defendant’s argument.
In People v Learnard (305 NY 495) the Court of Appeals specifically considered and rejected the argument now advanced by the defendant. In Learnard, as in the instant case, the goods being transported originated out of State. However, they were subsequently transported "from one point in this state to another point in this state”. Referring to the predecessor to what is now section 250 (subd 3, par [a]) of the Vehicle and Traffic Law, the Court of Appeals expressly stated (p 500): "So read and applied to vehicles, like that driven by defendant, which carry or haul property moving in interstate commerce, the New York laws do, of course, impose a 'burden’, of sorts, on that commerce. But the States, under, the police power, may, without violating the commerce clause, regulate the use of their own highways and exact compensation for their use, and, for that purpose, may impose moderate, reasonable, uniform, nondiscriminatory registration regulations and fees, even on vehicles engaged directly in interstate commerce, at least so long as the State regulations do not contravene congressional enactments on the same subject.”
In Hendrick v State of Maryland, (235 US 610) the Supreme Court expressly recognized that registration requirements, such as that involved in the present case, do not impermissibly burden interstate commerce. There, the court stated (p 622) that "In the absence of national legislation covering the subject, a State may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles — those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles * * * This is but an exercise of the police power uniformly recognized as belonging to the States and essential to the preservation of the health, safety, and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce.” Congress has not granted any exemption from State vehicle registration requirements to this or any other defendant by any legislation. In fact, the Interstate Commerce Act (US Code, tit 49 § 301, et seq.), expressly recognizes the power of the States to enact legislation regulating interstate carriers while they are transacting "intrastate business on the highways of any State”. (US Code, tit 49, § 302, subd [b].) In conformity with that mandate, the challenged statute merely *93 requires registration of nonresident vehicles which engage in intrastate commerce "from one point in the state to another point in the state”, regardless of whether that intrastate commerce is part of a larger movement of goods in interstate commerce.
Lastly, although not asserted by defendant, it should be noted that the challenged statute does not in any way discriminate against vehicles engaged in interstate commerce. On the contrary, this statute merely imposes upon vehicles which are registered by other States and which engage in local, intrastate deliveries in this State, the same registration requirements which are imposed upon domestic vehicles engaged in the same activities.
In view of the foregoing, defendant’s motion to dismiss is hereby denied.