THE J. R. WATKINS COMPANY

*vs.*

LEO BROWN AND JOHN T. MCPHERSON.

Penobscot.      Opinion, November 18, 1936.

*David W. Fuller,*
*Albert C. Blanchard,* for plaintiff.
*Fellows & Fellows,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.   The plaintiff, a corporation having its place of business at Winona in the State of Minnesota, brought suit against

the defendants for breach of a written contract under the terms of which it is alleged the defendants agreed to pay the plaintiff the sum of $414.44 on an account owed the plaintiff by one William A. Wilson of Brownville, Maine, and also to pay such sum of money as might thereafter become due for goods sold and delivered by the plaintiff to said Wilson, the total liability not to exceed $700. The defendants pleaded the general issue and the case, with right of exceptions reserved, was heard by the presiding Justice who found for the defendants. To this ruling the plaintiff filed exceptions which are now before us.

It is unnecessary to recite the facts in detail. The evidence for the plaintiff consists of depositions, taken before a notary public in Minnesota, of the assistant treasurer, assistant general sales manager, and auditor of the plaintiff corporation in which they refer to orders for goods received from Wilson. The defendants claim that this testimony is inadmissible on the ground that the witnesses had no personal knowledge of the facts and that their evidence is hearsay.

The record does not show that any objections were made to the interrogatories either when they were filed or at the time the depositions were offered at the trial. Evidence, even though legally inadmissible, received without objection, is regarded as in the case by consent, and, if relevant, must be considered by the trier of the facts. *Moore* v. *Protection Insurance Co.*, 29 Me., 97; *Brown* v. *Moran*, 42 Me., 44; *Tomlinson* v. *Clement Bros. Inc.*, 130 Me., 189, 154 A., 355. The evidence so received in this instance unquestionably established a liability of the defendants to the plaintiff. Under such circumstances the finding for the defendants was erroneous.

*Exceptions sustained.*