STATE of Maine

v.

**Robert LEVI.**

Supreme Judicial Court of Maine.

March 28, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Stephen M. Sumner, Law Student (orally), for plaintiff.

Wheeler, Pomeroy & Snitger by David C. Pomeroy (orally), Robert A. Flewelling, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

Defendant appeals his conviction by the Superior Court, Cumberland County, after a jury-waived trial, on an indictment charging him with receiving stolen property in violation of 17–A M.R.S.A. § 359 (1976). He asserts three points of error on appeal: (1) that the court below erred in denying his motion for judgment of acquittal based upon the insufficiency of the evidence to prove beyond a reasonable doubt that the property found in his possession was stolen; (2) that the court erred in denying his motion for judgment of acquittal based upon the insufficiency of the evidence to prove beyond a reasonable doubt that he received and retained the property "believing that it ha[d] probably been stolen"; and (3) that the court erred in refusing to give additional findings of fact as requested under Rule 23(c), M.R.Crim.P.

We deny the appeal.

I.

■ The indictment alleges that on or about June 21, 1976, the defendant, Robert Levi, "did receive and retain the property of another, namely, Peter and Mary Chulani, doing business as House of India, assorted jewelry of a value in excess of Sixteen Hundred Dollars ($1600), believing that it had probably been stolen with intent to deprive them thereof." At trial, the State introduced as exhibits 52 separate bags containing a total of 75 to 100 individual items of jewelry. Those items consisted of turquoise, jade, bone and ivory jewelry, and two hand-carved, hand-painted elephants. Mr. Chulani, who purchased the merchandise for the House of India, unequivocally identified all but one of the exhibits as items that had been stolen from his store on January 7, 1976. Several of the items Mr. Chulani identified as his were uniquely identifiable, notably the two hand-crafted elephants. Mr. Chulani testified that even the more common turquoise pieces featured individual characteristics permitting positive identification.

The trial justice, sitting without a jury, was responsible for evaluating the witnesses' credibility and assigning appropriate evidentiary weight to the testimony. *State v. Mann*, Me., 361 A.2d 897, 906 (1976). Chulani's testimony, if believed, was direct evidence from which the court could find beyond a reasonable doubt that the property was stolen. *State v. Gove*, Me., 379 A.2d 152 (1977).

II.

■ The indictment charged the defendant with having received and retained the Chulanis' property "believing that it had probably been stolen." Defendant attacks the alleged sufficiency of the evidence of scienter to withstand his motion for judgment of acquittal. That argument likewise lacks merit.

Defendant and his wife are the proprietors of Ye Olde Coin Center, a business located in Portland, which in part deals in retail jewelry. Defendant was found in possession of 75 to 100 individual items, all part of the merchandise stolen from the House of India, also a Portland establishment. Defendant testified that he and his wife had purchased those items from several different sources, including itinerant salespeople and flea markets both in Maine and in the Southwest. From the testimony of the defendant and Mr. Chulani, it appeared that they at most had in common only one source of supply with which they regularly dealt. When the defendant first met with Detective Pelletier, the investigating officer, he asserted positively that he could produce documentation showing the source of each item, that he knew everyone from whom he had purchased the goods, and particularly that Mrs. Levi had bought some of the turquoise jewelry in Tucson, Arizona. The defendant failed completely to carry through on the promised evidence. His purported "documentation" consisted of a bundle of cancelled checks and one invoice, none of which bore any indication of the particular goods involved in the transaction. At trial, he reversed his earlier statement and testified that he could not remember where and from whom he had purchased any of the merchandise, including

the pair of distinctive hand-made elephants. Mrs. Levi testified, but did not identify any of the jewelry as having come from Tucson.

The trial court as factfinder could have found unpersuasive and incredible the defendant's explanation of the sources of the jewelry. The court could further consider the defendant's motive in fabricating the story as bearing upon his subjective belief with respect to whether the goods were stolen. *Cf. State v. McLain*, Me., 367 A.2d 213, 221 (1976). In view of all the additional circumstances surrounding the defendant's possession, the court could infer that the defendant had retained the property of the Chulanis *"believing* that it had been stolen." (Emphasis added) *Cf. State v. Beale*, Me., 299 A.2d 921, 925 (1973).[1]

### III.

■ The court found the facts specially upon the defendant's timely Rule 23(c) request. In those findings, the court found as a fact each of the elements of the offense. Defendant then moved for additional findings of fact to elucidate what evidence the court relied upon to make its findings of ultimate fact. This the court declined to do.

The court's findings satisfied the requirement of Rule 23(c). The purpose of that rule is to enable the requesting party, and the appellate court on review, to ascertain the factual and legal bases for the court's decision. J. Moore, 8A *Moore's Federal Practice* ¶ 23.05 (2d ed. 1977). *See Cesario v. United States*, 200 F.2d 232, 233 (1st Cir. 1952). *Cf.* Field, McKusick & Wroth, *Maine Civil Practice* § 52.1 (2d ed. 1970). The findings made in this case clearly showed that the court correctly interpreted the controlling law. Thus, if error existed in the court's decision, it lay in the insufficiency of the evidence to support the stated findings. The defendant framed his appeal accordingly in terms of an attack upon the sufficiency of the evidence. He was not further entitled to identification of the particular evidence from which the trial court reached the ultimate factual findings. *Cf. Sacre v. Sacre*, 143 Me. 80, 101–02, 55 A.2d 592, 603–04 (1947).

The entry must be:

Appeal denied.

Judgment affirmed.

POMEROY and DELAHANTY, JJ., did not sit.

---

1. The defendant asserts that in order to withstand his motion for judgment of acquittal the evidence had to be sufficient to enable the justice to find beyond a reasonable doubt that the defendant had retained the Chulanis' property with actual *knowledge* that it had been stolen. That argument ignores the plain meaning of section 359 of the code, which modifies the prior law. Under former section 3551 of Title 17, a person was liable for receiving stolen property only if he bought, received or aided in concealing stolen property *"knowing* it to be stolen." In contrast, section 359 of the new Criminal Code provides that:

"1. A person is guilty of theft, if he receives, retains or disposes of the property of another knowing that it has been stolen, *or believing that it has probably been stolen,* with the intention to deprive the owner thereof." (Emphasis added)