**STATE of Maine**

v.

**Peter GRIFFIN.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1981.

Decided Jan. 5, 1982.

Michael E. Povich, Dist. Atty., Bronson Platner, Asst. Dist. Atty., (orally) Ellsworth, for plaintiff.

Silsby & Silsby, Anthony W. Beardsley (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

The defendant, Peter Griffin, was convicted of theft (receiving stolen property, 17–A M.R.S.A. § 359) following a jury trial in the Superior Court (Hancock County). On appeal, the defendant raises two issues which merit discussion: 1) the trial court's failure to exclude evidence based upon hearsay; and 2) sufficiency of the evidence. We vacate the judgment below, and remand to Superior Court for further proceedings.

In June 1980, a 5½ horse power Johnson outboard motor (at least 6 years old) was taken from George Winters' camp. Winters reported the theft to the state police, but did not then know the serial numbers of the motor. An objection was sustained when Winters began to describe how he obtained the serial numbers (by telephoning

the store at which he had purchased the motor), but Winters was allowed to testify without objection that he in fact obtained the serial numbers and gave them to the police. In July, Hancock County Detective Robinson showed Winters a motor. An objection was sustained to Winters' identification of that motor by its serial numbers, but Winters was allowed to testify that he had been able to identify it as his motor because paint had been rubbed off it and one ornamental sea horse was missing from it.

Gerard Goodwin testified that the defendant sold him an outboard motor which Goodwin described as fairly new and missing no paint. Detective Robinson later spoke with Goodwin about the sale. Goodwin testified without objection that he told Robinson that he would give the motor to Robinson if the serial numbers that Robinson had matched the numbers on the motor. Goodwin also testified that Robinson later returned with some numbers which matched the numbers on the motor. Robinson testified without objection to the same effect. He further testified that that motor was missing some paint, and was the same motor Winters later identified as having been stolen from him.

Robinson was the arresting officer. The defendant spoke to Robinson in the presence of State Police Officer Moody. Both officers remembered the defendant stating that he had met two hitchhikers who wanted to sell a "hot" outboard motor, and that he had sold the motor to Goodwin. The defendant denied that he either said or knew that the motor was "hot," and testified that the motor he sold to Goodwin did not have paint scraped off of it.

During their deliberations, the jury asked the following question: "Can the statement that the serial numbers matched with the stolen motor be used as evidence?" The defendant then objected to use of that testimony as "not confident, [sic] . . . misleading and the prejudicial effect would outweigh any probative value . . . ." The court instructed the jury to disregard the testimony of Winters that had been earlier excluded by the court, but to consider all

other evidence of serial numbers not so excluded, giving it the weight they felt it deserved.

### I. *Evidence Based Upon Hearsay*

The defendant argues that the testimony of Goodwin and of Detective Robinson regarding serial numbers was either hearsay, or based upon hearsay, and therefore inadmissible. The only timely objection made by defense counsel was that part of Robinson's testimony was non-responsive. We have recently stated that under Maine law the failure to strike a non-responsive answer is error only when the answer is inadmissible on some other ground. *State v. Farris*, Me., 420 A.2d 928, 931 (1980). When an objection was made solely on the ground of the non-responsiveness of the answer, "no cognizable ground of error was preserved for appellate review." *Id.* at 931–32.

█ The defendant did not object to the serial number testimony until after the jury deliberations had begun. That objection was not timely. *See* M.R.Evid. 103(a)(1); *Michaud v. Steckino*, Me., 390 A.2d 524, 531–32 (1978). To allow an initial objection, after the jury has retired, to evidence previously admitted would deprive the opposing party of an opportunity to obviate any defect. *Cf.* Field and Murray, *Maine Evidence* § 103.2 (1976).

On appeal, the defendant argues that the testimony of Detective Robinson and of Goodwin concerning the comparison of a serial number in Robinson's possession with the number on an outboard motor in Goodwin's possession was based upon hearsay. We note that in fact the source of the serial number in Robinson's possession was not explored at trial. However, Winters did testify that he obtained the serial number of his stolen motor, and passed that number along to the police. Assuming that Winters was Robinson's source, the record indicates that Winters obtained the number from a store where he had purchased the motor. Upon a proper objection, the trial court would have excluded the evidence as hearsay or, at the very least, limited the use of the comparison testimony because a proper foundation had not been laid to show that

the serial number in Robinson's possession was the serial number of the motor taken from Winters. *See* M.R.Evid. 602, 402, 403; *cf. State v. Porter*, Me., 404 A.2d 590, 597 (1979).

We have recently rejected the doctrine, followed in several other jurisdictions, that the admission without objection of inadmissible hearsay in criminal proceedings may not be error. *See State v. True*, Me., 438 A.2d 460, 468 (1981). Rather, we examine the particular circumstances of the case to determine "whether the obviousness of the error and the seriousness of the injustice done to the defendant are so great the Law Court cannot in good conscience let the conviction stand." *Id.* at 469.

One element of the offense of theft by receiving stolen property is that the property received by the defendant must in fact be *stolen* property. *See* 17–A M.R.S.A. § 359; *State v. Levi*, Me., 384 A.2d 40, 41 (1978); 66 Am.Jur.2d, *Receiving and Transporting Stolen Property*, § 7 (1973). In the instant case, the evidence requires a finding that only Winters' outboard motor, not any other motor, was stolen. Therefore, it was necessary for the state to prove beyond a reasonable doubt that the motor sold by the defendant to Goodwin was the motor stolen from Winters. Aside from the serial number testimony, the evidence is in conflict. Winters testified that his stolen motor had paint rubbed off of it. While both Winters and Robinson described the motor sold by the defendant to Goodwin as missing some paint, both the defendant and Goodwin testified to the contrary. Winters testified that his stolen motor had been purchased secondhand in 1974, while Goodwin described the motor sold to him as fairly new. We need not decide whether, if faced only with that evidence, we would conclude that the testimony concerning serial numbers counted so heavily with the jury as to constitute obvious error affecting substantial rights. For in this case, the likelihood that serious injustice resulted is almost a certainty in light of the jury's very specific inquiry as to the propriety of its considering the evidence of matching serial numbers. *Cf. United States v. Readus*, 367 F.2d 689, 691 (6th Cir.

1966). In the particular circumstances of this case, we conclude that the defendant is entitled to a new trial.

II. *Sufficiency of the Evidence*

 We find that on the evidence, including the evidence concerning serial numbers, a trier of fact could rationally find proof of guilt beyond a reasonable doubt. *See State v. Lagasse*, Me., 410 A.2d 537, 542 (1980). While there are inconsistencies among various witnesses' testimony, it is the unique function of the jury to determine the credibility of witnesses and the weight to be given their admitted testimony. *State v. Goodrich*, Me., 432 A.2d 413, 415–16 (1981).

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings in accordance with the opinion herein.

All concurring.