STATE of Maine

v.

**Ronald V. LIBERTY.**

Supreme Judicial Court of Maine.

Argued June 4, 1985.

Decided Sept. 4, 1985.

David W. Crook, Dist. Atty., John Alsop (orally) Asst. Dist. Atty., Skowhegan, for the State.

Ronald L. Bishop (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

A novel issue of whether hearsay that came in as consent evidence may be the subject of argument by counsel in his summation is raised in the appeal. Here, this Defendant, Ronald V. Liberty, is appealing from a judgment of conviction for burglary, 17–A M.R.S.A. § 401 (1983), aggravated criminal mischief, *id.* § 805, and theft by unauthorized taking or transfer, *id.* § 353, entered after a jury trial in the Superior Court, Somerset County. His principal contention on appeal is that the presiding justice erred in restricting the scope of defense counsel's closing argument relevant to certain hearsay evidence that had been admitted without objection.

We agree that this was reversible error, and therefore we sustain the appeal.

The Defendant was indicted, along with one Robert ("Bobby") Mower, on three counts for allegedly vandalizing an apartment rented by one Beulah Veilleux in the town of Fairfield on or about March 13, 1982. Mower had pleaded guilty to the charges and served as the chief witness for the State at the Defendant's trial. There Mower testified that he and the Defendant had spent the evening of March 12, 1982, in Beulah Veilleux's apartment drinking, along with several others, who also testified at trial. Mrs. Veilleux was away in Florida at the time. According to Mower, during the party he and the Defendant took the keys to the apartment from her ex-husband, Lionel Veilleux, and around midnight returned with the intention of stealing some money, after everyone else had left. While inside they "ransacked" the apartment, damaging several items of

personal property and stealing others, including cash. Mower testified that their motive for the crime was to "get even" with Mrs. Veilleux and to "teach her a lesson" for having served as a witness against them earlier that month in a trial for burglary and theft of a truck belonging to the Fairfield Lumber Company.[1]

The investigating police officer, Sergeant John E. Pouliot, testified on cross examination by defense counsel that he had removed several items from the apartment, including a claw hammer (allegedly used to smash the television set), several beer bottles, and a home video "converter box." All three items were submitted to the police department's evidence technician for fingerprint analysis. When asked if he knew the results of the test, Sergeant Pouliot replied—without drawing any hearsay objection from the State—"they came back a negative." Defense counsel then inquired if there were no fingerprints belonging either to Mr. Mower or to the Defendant on these specific items, to which Pouliot responded, "That's correct." At a conference in chambers after the close of all the evidence, the presiding justice ruled that defense counsel could not rely upon this testimony in his closing argument because it was clearly hearsay and therefore "not evidence."[2]

█ It has long been the rule in Maine, as it is in the majority of other jurisdictions, that legally inadmissible evidence received without objection shall be regarded as in the record by consent and, if relevant, must be considered by the trier of fact. *See, e.g., Goldthwaite v. Sheraton Restaurant,* 154 Me. 214, 221, 145 A.2d 362, 366 (1958); *Watkins Co. v. Brown and McPherson,* 134 Me. 473, 474, 188 A. 212, 212 (1936) and cases cited therein; *see generally,* C. McCormick, *Evidence* § 54 at 140–41 (3d ed.1984). Once admitted, such consent evidence is to be given its natural and probative effect, as would any other evidence in the record. *State v. Nason,* 383 A.2d 35, 38 (Me.1978); *Goldthwaite,* 154 Me. at 224, 145 A.2d at 367.[3] The trial court is not required to exclude evidence on its own motion unless the evidence is so inherently unreliable and incompetent that its exclusion is required in the interests of justice. C. McCormick, *Evidence* § 55 at 141–44 (3d ed.1984).

█ Although hearsay, the consent evidence in this case was not inherently unreliable. Therefore, the trial court did not act improperly by refraining from excluding it *sua sponte.* Once the evidence was in, however, it was improper to restrict the scope of defense counsel's argument to the jury.

█ In a closing argument each party should be permitted to summarize the case from the perspective of that party's interpretation of all the evidence in the case and the inferences to be drawn therefrom. It is not for the presiding justice to proscribe argument as to a portion of the evidence which the jury has heard. It is, after all, for the defendant in a criminal cause, "the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt." *Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593 (1975). Indeed, the right of a defendant to have his counsel deliver a proper closing argument on the evidence and the applicable law is part and

---

1. *See State v. Liberty,* 478 A.2d 1112 (Me.1984).

2. Defense counsel was not prevented, however, from pointing out to the jury that the State had failed to present any positive proof of the Defendant's fingerprints in the apartment.

3. The distinction noted in *State v. True,* 438 A.2d 460, 468 (Me.1981), between "true" consent evidence admitted by actual waiver or express consent, and inadmissible hearsay that comes in merely because no objection is made, is only relevant to determining whether the question of admissibility is reviewable on appeal for obvious error under M.R.Evid. 103(d) and M.R. Crim.P. 52(b). Our decisions in *True* and *State v. Griffin,* 438 A.2d 1283 (Me.1982) do not change the rule that hearsay evidence admitted without objection is in the record for all purposes to the extent that it is relevant and probative.

parcel of his right to effective assistance of counsel, guaranteed him by article I, section 6, of the Maine Constitution and by the Sixth Amendment to the federal constitution.[4] *State v. Gilman,* 489 A.2d 1100 (Me.1985).

We do not suggest that the right to make a closing argument is wholly unrestricted. The trial court always has discretion to impose reasonable time limits on counsel and even to restrict the scope of argument if it should be necessary to avoid repetition and to "ensure that [it] does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial." *Herring,* 422 U.S. at 862, 95 S.Ct. at 2555; *State v. Viger,* 392 A.2d 1080, 1084 (Me.1978); *see generally Wharton's Criminal Procedure,* §§ 521, 522 (122th ed.1975); Annot., 6 A.L.R.3d 604 (1966). Such authority does not, however, include discretion to restrict the evidence on which counsel may be permitted to comment in his closing statement.

In the case before us the Defendant would have benefitted from the argument, based on consent evidence, that the laboratory tests indicated the absence of any fingerprints on items such as the claw hammer that he and Mower allegedly used while inside the apartment. A statement in summation pointing out the significance of that evidence might have raised reasonable doubts in the jurors' minds concerning the Defendant's guilt. We are not able to "believe it highly probable that the [trial court's] error did not affect the judgment." *State v. True,* 438 A.2d 460, 467 (Me. 1981)(the "Traynor test of harmless error"). The trial court's error was clearly prejudicial to the Defendant.

Because we find reversible error on this ground alone, we need not reach the other contentions advanced by the Defendant on this appeal.

Accordingly, the entry is:

**4.** Although we do not find the trial court's error in this case to be of constitutional dimensions, the importance of the right to present a closing argument is a factor to be considered in evaluating the degree of prejudice to the Defendant.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.