## STATE of Maine

v.

## Kurt JENSEN and Robert Jensen.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1988.

Decided Feb. 9, 1988.

James E. Tierney, Atty. Gen., Jonathan R. Chapman (orally), Asst. Atty. Gen., Augusta, for plaintiff.

David S. Turesky (orally), Turesky & Howard, Portland, for Kurt Jensen.

Martin J. Ridge (orally), Beagle, Reiche, Pearce & Ridge, Portland, for Robert Jensen.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

Defendants, Kurt Jensen and Robert Jensen, appeal from a judgment of the Superior Court (Cumberland County) entered on a jury verdict convicting each defendant of two counts of trafficking in cocaine in violation of 17–A M.R.S.A. § 1103 (1983), Class B, and one count of conspiracy in violation of 17–A M.R.S.A. § 151 (1983), Class C. On appeal, defendants assign numerous claims of preserved and unpreserved error. Defendant Kurt Jensen also challenges the sufficiency of the evidence to support his convictions. We find all claims to be without merit.

A careful examination of the record leads us to conclude that the trial court did not abuse its discretion by refusing to give the supplemental jury instruction requested by Robert Jensen. *See State v. Weese,* 424 A.2d 705, 709–710 (Me.1981). Similarly the court acted within the bounds of its discretion in considering Robert Jensen's history of drug-dealing in connection with sentencing. *State v. Dumont,* 507 A.2d 164, 166–167 (Me.1986). With regard to the unpreserved claims of error raised by Kurt Jensen, we find that the errors, if any, did not produce any serious injustice. *State v. Griffin,* 438 A.2d 1283, 1285 (Me.1982); *see State v. Spearin,* 477 A.2d 1147, 1158–1159 (Me.1984). Finally, after reviewing the evidence in the light most favorable to the prosecution, we conclude that the jury rationally could find the essential elements of the crimes charged beyond a reasonable

doubt. *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgments affirmed.

All concurring.