1. M.R.Crim.P. 17(b) provides in pertinent part:
 A defendant who is financially unable to pay the fees and costs to subpoena an out-of-state witness may move ex parte for an order dispensing with payment of fees and costs.

the record, and instructed the jury to disregard it. This is not a case where a new trial is the only remedy that would satisfy the interest of justice. *See State v. Mason*, 528 A.2d 1259, 1260 (Me.1987). There was no testimony that the white powder was cocaine or another specific drug, nor was there evidence that would link the powder directly to Rapp. The court determined that a curative instruction would adequately protect against the jury's consideration of the testimony, and its refusal to grant a mistrial was within its discretion. *See id.* at 1261.

The entry is:

Judgment affirmed.

All concurring.

**STATE of Maine**

v.

**Leon A. PELLETIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 6, 1991.

Decided March 8, 1991.

The court shall grant the motion if it finds the defendant is unable to pay the fees and costs and that the presence of the witness is necessary to an adequate defense.

David W. Crook, Dist. Atty., Alan P. Keklley, Michaela Murphy, Asst. Dist. Attys., Augusta, for plaintiff.

Leon A. Pelletier, Waterville, pro se.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN and
COLLINS, JJ.

ROBERTS, Justice.

Leon A. Pelletier appeals his convictions in Superior Court (Kennebec County, *Alexander, J.*) of failing to stop for an officer and operating a motor vehicle without a license and with an expired registration. 29 M.R.S.A. §§ 2501–A, 530 & 102 (Supp. 1990). The only issue on appeal generated by the record is Pelletier's contention that the court lacked jurisdiction to enforce against him the provisions of Title 29. We affirm the judgments.

Eighty-two years ago in *State v. Mayo,* 106 Me. 62, 75 A. 295 (1909) we stated:

the right to ... use the public streets ... is not an absolute and unqualified right. It is subject to be limited and controlled by the sovereign authority—the State, whenever necessary to provide for and promote the safety, peace, health, morals, and general welfare of the people. To secure these and kindred benefits is the purpose of organized government, and to that end may the power of the State, called its police power, be used. By exercise of that power, through legislative enactments, individuals may be subjected to restraints ... if manifestly necessary to ... secure and advance the safety, comfort and prosperity of its people. And it is a fundamental law that no constitutional guarantee is violated by such an exercise of the police power of the State when manifestly necessary and tending to secure such general and public benefits.

*Id.* at 66, 75 A. 295. That statement is as valid today as it was in 1909. No more clear statement of authority need be cited to support the court's jurisdiction to adjudicate the charges against Pelletier.

The entry is:

Judgment affirmed.

All concurring.