MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2015 ME 129
Docket:        Oxf-15-28
Submitted
 On Briefs:    September 28, 2015
Decided:       October 13, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

STATE OF MAINE

v.

DANIEL H. PELLETIER

PER CURIAM

[¶1]  Daniel H. Pelletier was summonsed on February 16, 2014, and charged with operating while his license was suspended or revoked (Class E), 29-A M.R.S. § 2412-A(1-A)(A), (D) (2014), and operating after his vehicle registration was suspended (Class E), 29-A M.R.S. § 2417 (2014).  After a nonjury trial, the trial court (Oxford County, *Clifford, J.*) found Pelletier guilty of operating while license suspended or revoked,[1] and sentenced him to thirty days in jail with all but three days suspended, and the mandatory minimum $500 fine.  *See* 29-A M.R.S. § 2412-A(3)(B) (2014).

[¶2]  Pelletier has not denied that he was driving or that his license was suspended.  Instead, the only issues on appeal are whether the court below had

----

[1]  The operating after registration suspended charge was dismissed.

2

jurisdiction to enforce the laws of the State of Maine against Pelletier and whether the requirement that each driver hold a valid driver's license violates the United States Constitution.

[¶3] Because these arguments, although frivolous, are raised with some regularity, we write to provide an unambiguous declaration that Maine's courts have jurisdiction to enforce Maine's laws against those physically present within the state's geographic bounds and to reaffirm the constitutionality of Maine's law requiring each driver to hold a valid driver's license.

A.     Jurisdiction of Maine's Courts

[¶4] Pelletier contends that the "State of Maine" is a legal fiction,[2] and his mere physical presence within certain latitudinal and longitudinal bounds does not constitute presence "within the State of Maine" for the purpose of rendering him subject to Maine's laws.

[¶5] We have addressed this issue previously and summarily dismissed the contention that Maine's courts lack jurisdiction to enforce Maine's laws against those within the geographic boundaries of the State. *See State v. Pelletier*, 587 A.2d 1100, 1101 (Me. 1991).[3] Pelletier's argument is contrary to jurisdictional

---

[2]  According to Pelletier, "[t]he phrase State of Maine appears to be not much more than a dba or pseudonym for lawyers and police officers."

[3]  The defendant in the 1991 appeal was named Leon A. Pelletier.

principles as old as the State itself: "[E]very State possesses exclusive jurisdiction and sovereignty over persons and property *within its territory*." *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (emphasis added).[4] Here, the United States Supreme Court makes clear that state jurisdiction over an individual extends to those present within the physical bounds of the state.

B.     Constitutionality of Driver's Licenses

[¶6]   Pelletier further contends that Maine's law requiring each driver to hold a valid driver's license is facially unconstitutional, as it restricts the exercise of a purported fundamental right to travel, guaranteed by the United States Constitution.

[¶7]   The Supreme Court settled this point in 1915: "[A state] may require the registration of such vehicles and the licensing of their drivers . . . . This is but an exercise of the police power uniformly recognized as belonging to the States and essential to the preservation of the health, safety and comfort of their citizens." *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915).[5] Likewise, we held in 1909 that

---

[4] Although subsequent opinions have limited *Pennoyer*'s effect in many respects, the existence of *in personam* jurisdiction over those physically present in the forum state is not one of them. *See Shaffer v. Heitner*, 433 U.S. 186 (1977); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945).

[5] *Hendrick v. Maryland* addresses the constitutionality of driver's licenses as a limitation on the right to interstate travel. 235 U.S. 610, 624 (1915). Without speculating as to whether such a right exists, we hold also that driver's licenses are a valid limitation on the right to *intra*state travel, to the extent that such a right is protected under the U.S. Constitution. *See Showtime Entm't, LLC v. Town of Mendon*, 769 F.3d 61, 77 n.10 (1st Cir. 2014).

the State may, as a valid exercise of its police power, place limitations on the operation of motor vehicles on the State's roads. *State v. Mayo*, 106 Me. 62, 66, 75 A. 295, 297 (1909).

The entry is:

Judgment affirmed.

---

**On the briefs:**

Daniel H. Pelletier Jr., appellant pro se

Andrew S. Robinson, District Attorney, and Joseph M. O'Connor, Asst. Dist. Atty., Office of the District Attorney, South Paris, for appellee state of Maine

Oxford County Superior Court docket number CR-2014-293
FOR CLERK REFERENCE ONLY