STATE OF MAINE                          SUPERIOR COURT
WALDO, SS.                              DOCKET NO. CR-16-935


STATE OF MAINE                )
                              )
                              )
            v.                )         ORDER DENYING
                              )         MOTION TO DISMISS
                              )
TINA KEGLEY                    )


The Defendant in this matter filed a Motion to Dismiss the Complaint
alleging a charge of Operating an Unregistered Vehicle in violation of Title
29-A MRSA §351(1)(B). A hearing on the Defendant's motion was held
before the Court on June 26, 2017.


The essence of the Defendant's argument in support of her Motion to
Dismiss is that the Court lacks jurisdiction to enforce this law against the
Defendant who was within the geographic boundaries of the State at the time
of the alleged offense. The Defendant also asserts that the infringement on
her right to travel constitutes an unconstitutional exercise of the State's
police power.[1]


The Law Court addressed the essence of the Defendant's arguments in this
case in the relatively recent decision it issued in *State v. Pelletier, 2015 ME
129.* Although the underlying charge in *Pelletier* involved allegations of
different criminal conduct, (Operating With a Suspended License, and

---

[1] The remaining issues raised in the Defendant's 20 page memorandum in support of her
Motion to Dismiss are without merit.

Operating After Vehicle Registration was Suspended), the arguments presented by Pelletier's appeal of his conviction are virtually identical to those presented by the Defendant in this pending motion.

In *Pelletier* the Law Court restated previously held positions which "summarily dismissed the contention that Maine's courts lack jurisdiction to enforce Maine's laws against those within the geographic boundaries of the State."

In addressing the issue of the constitutionality of laws which impact the exercise of a purported fundamental right to travel guaranteed by the U.S. Constitution, the Law Court in *Pelletier* held, in pertinent part,

> The Supreme Court settled this point in 1915: "[A state] may require the registration of such vehicles and the licensing of their drivers . . . This is but an exercise of the police power uniformly recognized as belonging to the States and essential to the preservation of the health, safety and comfort of their citizens." *Hendrick v. Maryland, 235 U.S. 610, 622, 35 S.CT. 140, 59 L.Ed. 385 (1915)*. Likewise, we held in 1909 that the State may, as a valid exercise of its police power, place limitations on the operation of motor vehicles on the State's roads. *State v. Mayo, 160 Me. 62, 66, 75 A. 295, 297 (1909)*.

Accordingly, the Court in this case hereby denies the pending Motion to Dismiss.

Date: 7/25/17

SUPERIOR COURT JUSTICE