MAINE SUPREME JUDICIAL COURT                        Reporter of Decisions
Decision:      2017 ME 215
Docket:        Han-17-135
Submitted
 On Briefs:    October 24, 2017
Decided:       November 14, 2017

Panel:         SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

NEIL D. SALISBURY

PER CURIAM

[¶1]   Neil D. Salisbury appeals from a judgment of conviction of operating after suspension (Class E), 29-A M.R.S. § 2412-A(1-A)(A) (2016), operating without a license (Class E), 29-A M.R.S. § 1251(1)(A) (2016), and operating an unregistered vehicle (Class E), 29-A M.R.S. § 351(1)(B) (2016), entered by the trial court (Hancock County, *Mallonee, J.*) after a jury found him guilty.  On appeal, he primarily challenges the court's jurisdiction.  We affirm the judgment.

[¶2]  Contrary to Salisbury's contentions, as a matter of law, the court had both personal and subject matter jurisdiction over this matter.  *See* 15 M.R.S. § 1(1) (2016); 17-A M.R.S. §§ 7(1)(A), (5) (2016); *State v. Pelletier*, 2015 ME 129, ¶ 5, 125 A.3d 354; *State v. St. Onge*, 2011 ME 73, ¶ 13, 21 A.3d

1028. During the course of the trial and on appeal, Salisbury also raised other arguments, though he forfeited most of these issues on appeal by failing to offer any legal argument with citation to proper authority. *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290. To the extent that he has adequately presented these arguments, we find them without merit. Specifically,

- The court did not err or abuse its discretion in quashing Salisbury's subpoena of the assistant district attorney, who had no relevant evidence to provide, *see* M.R. Evid. 401, 402; M.R.U. Crim. P. 17; *State v. Watson*, 1999 ME 41, ¶ 5, 726 A.2d 214;

- The judge was properly appointed, *see Laprel v. Going*, 2014 ME 84, ¶¶ 15-20, 96 A.3d 67;

- The court did not abuse its discretion in reasonably limiting the duration of Salisbury's opening argument, *cf. State v. Liberty*, 498 A.2d 257, 260 (Me. 1985);

- The court properly denied Salisbury's requested jury instructions and instructed the jury fully on the applicable law, *see State v. Hofland*, 2012 ME 129, ¶ 18, 58 A.3d 1023;

- There was no basis for the court to hear a trespass "claim" in the context of a criminal trial, *see* M.R.U. Crim. P. 12(a) (providing a list of permissible pleadings in a criminal case that does not include counterclaims); *cf.* M.R. Civ. P. 80F(d)(2) (disallowing counterclaims even in civil traffic infraction matters); and

- There was no interstate travel here, but even if there had been, the right to travel may properly be limited by states to ensure public safety, *see Saenz v. Roe*, 526 U.S. 489, 498 (1999); *Pelletier*, 2015 ME 129, ¶¶ 6-7, 125 A.3d 354; *State v. Elliott*, 2010 ME 3, ¶ 18, 987 A.2d 513; *State v. Quinnam*, 367 A.2d 1032, 1034 (Me. 1977).

We discern no error or abuse of discretion and therefore affirm the trial court's judgment.

The entry is:

Judgment affirmed.

---

Neil D. Salisbury, appellant pro se

Toff Toffolon, Dept. Dist. Atty., District Attorney's Office, Ellsworth, for appellee State of Maine

Hancock County Unified Criminal Docket docket number CR-2016-624
FOR CLERK REFERENCE ONLY