# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0031, <u>State of New Hampshire v. Joshua Andrew Howard</u>, the court on November 30, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Joshua Andrew Howard, appeals his conviction, following a bench trial in the Circuit Court (<u>Murray</u>, J.), for a violation level offense of operating without a valid license. <u>See</u> RSA 263:1 (Supp. 2021). He states in his brief: "A driver is employed in conducting business, and a motor vehicle is used for commercial purposes." We affirm.

We note at the outset that the defendant has not provided a transcript of the hearing before the trial court. Absent a transcript of the hearing, we must assume that the evidence was sufficient to support the conclusion reached by the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). We then examine the court's order only for errors of law. <u>State v. Woods</u>, 139 N.H. 399, 403 (1995).

RSA 263:1 (Supp. 2021) provides:

I. No person, except those expressly exempted under RSA 263:25 or other provisions of this title, shall drive any motor vehicle upon any way in this state unless such person has a valid driver's license, as required under the provisions of this chapter, for the class or type of vehicle being driven.

II. Any person who held a driver's license of the appropriate class or type but whose driver's license has been expired for not more than 12 months shall be guilty of a violation or, for a second or subsequent offense shall be guilty of a class B misdemeanor.

III. Any person who drives a motor vehicle in this state and who has never had a license shall be guilty of a class B misdemeanor.

RSA 263:25 (Supp. 2021) provides an exemption from the license requirement imposed in RSA 263:1 for "persons learning to drive." The defendant has cited no other provision of New Hampshire law that provides an exemption that would apply in this case. Although he has provided an excerpt of legislation that was introduced in the 2018 session of the New Hampshire, House

Bill 1778, that addressed the "registration of commercial motor vehicles and operator's/driver's licenses," the legislation was voted "Inexpedient to Legislate" and therefore does not apply to this case. N.H.H.R. Jour. 4 at 8 (February 15, 2018).

To the extent that the defendant argues that RSA 263:1 violates the Supremacy Clause of the U.S. Constitution, the United States Supreme Court has explained that the Supremacy Clause "is not the source of any federal rights and certainly does not create a cause of action." Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 324 (2015). Nor has the defendant cited any case in which the United States Supreme Court has held that citizens have an unfettered right to drive motor vehicles for non-commercial purposes on public roads. Rather, the Court has recognized that "the movement of motor vehicles over the highways is attended by constant and serious dangers to the public, and is also abnormally destructive to the ways themselves." Hendrick v. Maryland, 235 U.S. 610, 622 (1915). "In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles—those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles and the licensing of their drivers." Id.

Accordingly, we affirm the defendant's conviction.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**